# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III<br><br>Plaintiff,<br><br>v.<br><br>CASTRO, et al.,<br><br>Defendants. | Case No. 1:20-cv-01617-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND SUA SPONTE GRANTING EXTENSION OF TIME TO FILE MOTIONS FOR ATTENDANCE OF WITNESSES<br><br>(ECF No. 50) |

Plaintiff Robert Curtis Williams, III is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on February 21, 2023.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 18, 2022. Plaintiff submits that he was transferred to an outside hospital on June 20, 2022, and was discharged on July 27, 2022, and transferred to California Health Care Facility where he is currently housed. As a result, Plaintiff has been without his personal and legal property and has been unable to meet some of the deadlines imposed in the Court's August 31, 2022, trial and scheduling order. More specifically, Plaintiff has been unable to file a motion for the attendance of witnesses and any applicable witness fees.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff

pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. In addition, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While Plaintiff's medical circumstances are unfortunate, there is no basis to demonstrate that extraordinary circumstances exist to warrant appointment of counsel, at this time. Further, a review of the exhibits attached to Plaintiff's motion do not demonstrate that Plaintiff is currently suffering substantial cognitive or physical disabilities impacting his ability to litigate this matter. Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice. However, in the interest of justice and on the basis of good cause, the Court will extend the deadline to file motions for the attendance of witnesses.

////

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is denied;

2. The deadline for Plaintiff to file motions for attendance of incarcerated witnesses as described in the Court's August 31, 2022, is extended to **December 28, 2022**;

3. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **December 21, 2022**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **December 28, 2022**; and

4. All other provisions of the Court's August 31, 2022, trial scheduling order remain in effect.

IT IS SO ORDERED.

Dated:  **November 21, 2022**

UNITED STATES MAGISTRATE JUDGE