UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CASTRO, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01617-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 54) |

Plaintiff Robert Curtis Williams, III is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is set for jury trial on February 21, 2023. Plaintiff's motion for witnesses was due on or before December 28, 2022, and his pretrial statement was due on or before December 30, 2022. (ECF Nos. 49, 51.)

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed December 22, 2022. Plaintiff seeks counsel because prison officials have denied him access to his legal property. (ECF No. 54.)

On January 3, 2023, the Court directed Defendants to file a response to Plaintiff's contention that he did not have access to his legal property. (ECF No. 56.) Defendants filed a response on January 5, 2023. (ECF No. 57.)

///

There is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Here, as previously stated, Plaintiff seeks appointment of counsel because he claims prison officials have denied him access to his legal property. (ECF No. 54.) In response to Plaintiff's contention, Defendants submit the declaration of E. Takehara, Litigation Coordinator at California Health Care Facility (CHCF), who declares that on December 20, 2022, Plaintiff met with the Patient Management Unit at CHCF and an inventory of his property was conducted. (Declaration of E. Takehara (Takehara Decl.) ¶ 4.) On this same day, Plaintiff was afforded the opportunity to receive his legal property. (<u>Id.</u>) However, "[w]hen advised that prison regulations permitted him to possess 1 cubic foot of this property at any one time, and that the remainder of which would be stored, Plaintiff became uncooperative and refused to accept any of his legal property." (<u>Id.</u>) Based on E. Takehara's declaration it is clear that Plaintiff has been afforded access to his legal property but refuses to comply with the prison regulations. Accordingly, there is no basis to warrant appointment of counsel or an extension of time to meet the applicable deadlines.

Further, even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at

a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  In addition, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Consequently, Plaintiff's second motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 9, 2023**

UNITED STATES MAGISTRATE JUDGE