**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III<br><br>Plaintiff,<br><br>v.<br><br>CASTRO, et al.,<br><br>Defendants. | Case No. 1:20-cv-01617-SAB (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE<br><br>(ECF Nos. 60, 86) |

Plaintiff Robert Curtis Williams, III is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This action proceeds against Defendants Castro-Mendoza and Reguero for death threats, failure to protect, and equal protection violations.

Currently before the Court is Defendants' motions in limine, filed December 12, 2022, and supplemental motions in limine, filed February 21, 2023. Plaintiff did not file an opposition and the time to do so has passed. (ECF No. 77.)

**I.**

**LEGAL STANDARD**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually

1  introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine
2  is an important tool available to the trial judge to ensure the expeditious and evenhanded
3  management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115
4  F.3d 436,440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary
5  disputes before trial and avoids potentially prejudicial evidence being presented in front of the
6  jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of
7  prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

8  Motions in limine that exclude broad categories of evidence are disfavored, and such
9  issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v.
10 Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some
11 evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in
12 limine and it is necessary to defer ruling until during trial when the trial judge can better estimate
13 the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115
14 F.3d 436, 440 (7th Cir. 1997).

## II.

## DISCUSSION

17 In their initial motions in limine, Defendants seeks to exclude: (1) plaintiff from referring
18 to a "Code of Silence", "Alliance", or "The Green Wall" among correctional officers; (2)
19 plaintiff from testifying regarding his medical records, mental health conditions, and alleged
20 injuries; (3) plaintiff from introducing his medical or mental health records into evidence; (4)
21 plaintiff from testifying or presenting evidence regarding prior bad acts; (5) plaintiff from
22 questioning prison official about any matters contained in their personnel records; and (6)
23 plaintiff from introducing evidence of Defendants' financial condition unless and until the trier
24 of fact determines punitive damages are appropriate. (ECF No. 60.)

25 In their supplemental motions in limine in response to Plaintiff's pretrial statement,
26 Defendants seek to exclude Plaintiff's exhibits numbers 1 through 20. (ECF No. 86.)

27 ///
28 ///

### A. Code of Silence/Green Wall

Defendants seek an order to prevent Plaintiff from referencing, alluding to, or otherwise mentioning to the jury, through arguments, testimony, evidence, or other means, a "code of silence" or "alliance" among correctional officers and inmates, or related concepts such as "the green wall." (ECF No. 60 at 2-4.)

**Ruling:** Defendants' motion in limine is granted. Absent evidence, the Court agrees that Plaintiff may not suggest there was a cover up or conspiracy, with or without using language such as "code of silence." Arguments, testimony, and evidence regarding an alleged "code of silence" and "the green wall" are not relevant to the claims at issue. See Fed. R. Evid. 401-402; Sartori v. Cty. of Los Angeles, 676 Fed.App'x. 680, 683 (9th Cir. 2017) (affirming the exclusion of evidence of a "general 'code of silence'" among members of law enforcement agency where plaintiff did not identify any evidence connecting the purported code of silence to the specific officers who testified in the case); Baltimore v. Haggins, No. 1:10-cv-931-LJO-JLT (PC), 2013 WL 4676455, at *6 (E.D. Cal. Aug. 30, 2013) (testimony regarding "code of silence" or "green wall" has no pertinence in determining whether Defendant used excessive force); Engman v. City of Ontario, No. EDCV 10-284 CAS (PLAx), 2011 WL 2463178, at *4 (C.D. Cal. June 20, 2011) (finding that the plaintiff could argue that the defendants' version of the facts is not credible, but that plaintiff's witnesses could not use terms such as "code of silence" or "wall of blue"). Moreover, any evidence or arguments regarding a conspiracy or of coconspirators likely would cause confusion of the issues and mislead the jury. Fed. R. Evid. 403. This ruling does not preclude Plaintiff from pointing out inconsistencies or arguing that witnesses are biased or not truthful because of their work relationship or friendship with Defendants.

### B. Testimony Regarding Medical Records/Mental Health Conditions/Alleged Injuries

Defendants seeks an order limiting the scope of Plaintiff's testimony interpreting medical or mental health conditions, as well as records concerning alleged injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly

1 understanding the witness's testimony or determining a fact in issue; and (c) not based on
2 scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R.
3 Evid. 701.

4       As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case
5 concerning any alleged physical injuries; or any alleged long term effects; any alleged mental or
6 emotional injuries; the search of prison inmates, use of force, or prison operations.  Plaintiff has
7 no training or expertise in any of these fields.

8       Plaintiff may testify as to what he saw or felt relating to his medical needs or condition,
9 but may not testify as to any medical matter which requires scientific, technical or other
10 specialized knowledge.  Plaintiff also may not testify regarding his medical records.

11       **Ruling:** Defendants' motion is granted.  Plaintiff may testify as to what he observed and
12 experienced as a result of the incident; however, Plaintiff may not testify regarding a diagnosis,
13 opinions, inferences or causation, and may not offer any opinions or inferences from any medical
14 records, medical conditions, alleged injuries, searching of inmates, use of force, or prison
15 operations.

16       **C.    Introduction of Evidence of Medical or Mental Health Records**

17       Defendants seek to exclude Plaintiff from introducing his medical or mental health
18 records into evidence on grounds of lack of foundation, irrelevance, and inadmissible hearsay.
19 Fed. R. Evid. 401, 402, 602, 801, 802, 803.

20       **Ruling:** Defendants' motion is granted.  Plaintiff's medical and mental health records
21 constitute out-of-court statements composed by third parties, which are hearsay.  Fed. R. Evid.
22 802, 803.  In addition, Plaintiff will be unable to lay a foundation for these records composed by
23 third parties as he lacks personal knowledge concerning the content of these records.  Fed. R.
24 Evid. 602.  Without providing a proper foundation for these records, they are not relevant to the
25 issues in this case and are not admissible.  Fed. R. Evid. 402.  In addition, Plaintiff's medical and
26 mental health records contain opinions which can only be offered by a medical or mental health
27 expert.  Thus, Plaintiff is precluded from introducing any opinion testimony regarding his
28

medical and mental health condition and any opinion evidence must be introduced through an expert.

### D. Testimony and Evidence Regarding Prior Bad Acts

Defendants seek to exclude any prior bad acts of Defendants, witnesses, and other prison officials absent a showing by Plaintiff that an exception applies. Fed. R. Evid. 404. Plaintiff has made no such showing, nor has Plaintiff filed a pretrial statement affording notice of his intention to introduce such evidence. However, to the extent Plaintiff intends to introduce evidence of alleged prior bad acts by Defendants, it will be excluded.

Federal Rules of Evidence 404(a) provides "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). More specifically, Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Rule 404(b) provides, however, that prior acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

**Ruling:** Defendants' motion is granted. Any evidence of prior incidents involving Defendants that have no connection to Plaintiff's claims of death threats, failure to protect and equal protection violations should be excluded, because that evidence has no relevancy to whether the alleged facts here occurred. Also, evidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly in this case. The Court reserves ruling on any questions or evidence, if any, that Plaintiff wishes to use to attack a witness's credibility and/or for impeachment purposes. If Plaintiff has a proffer of evidence that any witness's testimony may be impeached through evidence or questions concerning personnel records, including information of a personal nature, as well as any information concerning any

disciplinary actions or complaints filed against him, he may request a conference to be held outside of the presence of the jury. The Court will then hear the proffer, and make a ruling on whether such evidence is proper.

### F. Evidence of Personnel Records

Defendants seek to exclude Plaintiff from questioning prison officials about any matters contained in their personnel records, including information of a personal nature and information regarding any disciplinary actions or complaints filed against them. Defendants submit that California law provides for confidentiality of peace officer personnel records. Defendants argue that while federal law is controlling, state law is relevant where one of the elements of the federal claim is that the actor was acting under color of state law, and the official information privilege used in federal court is consistent with California statutes. Defendants also argue that other inmates' complaints against Defendants are irrelevant to Plaintiff's claims, and character evidence is not admissible, would be misleading, and would be unfairly prejudicial under Rule 403.

**Ruling:** Defendants' motion in limine is granted.  Rule 404(b)(1) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Under Rule 404(b), Plaintiff may not use evidence of past bad acts by Defendants to prove that those past acts show that Defendants are more likely to act in the same way.

### G. Preclude Evidence of Defendants' Financial Condition Unless and Until Trier of Fact Determines Punitive Damages are Appropriate

Defendants seek to bifurcate the trial on the issue of punitive damages, and assert that under federal law, Defendants bear the burden of proving financial worth when arguing in mitigation of damages. Defendants argue that it is unfair to require Defendants to choose between divulging their personal assets to an inmate and properly defending themselves. Defendants argue that they should be permitted to reserve testimony as to their financial worth until after any entitlement to punitive damages has been established.

**Ruling:** Defendants' motion in limine is granted. The trial shall be bifurcated on the issue of the amount of punitive damages, if any. Evidence of Defendants' financial condition in the initial part of the trial is not relevant and would be more prejudicial than probative under Rule 403. The amount of punitive damages, if any, is a question for the second part of the trial.

### H. Exclusion of Plaintiff's Exhibits Nos. 1-5, 8-11 and Limitation Testimony Regarding "IEX" program and its Decommission

Defendants object to Plaintiff introducing exhibits 1-5 and 8-11, CDCR documents concerning an exhibitionist treatment program and housing unit, into evidence on grounds of lack of foundation, irrelevance, and cumulative evidence which will confuse the issues and waste time. Fed. R. Evid. 401-403; 601-602. Defendants submit that while the fact that Plaintiff was designated as an exhibitionist inmate assigned to an exhibitionist treatment program and housing unit ("IEX") may be relevant, this evidence should be limited to explain only the background of circumstances prompting Plaintiff's transfer to a different housing unit. Defendants reason that the exhibits proffered by Plaintiff discuss the nature of the IEX pilot program and reasons prompting its decommission. (ECF No. 78, pp. 8-29, 37-55.) The fact that Plaintiff was transferred to building 3A04's Enhanced Outpatient Program ("EOP") housing unit following the decommission of IEX is the extent of these documents' relevant to the claims and defenses in this action. Any further reference of the IEX program is likely to mislead and confuse the jury, and consume unnecessary time. Fed. R. Evid. 403.

**Ruling:** Defendants' motion in limine is denied, without prejudice, to be resolved during trial if Plaintiff seeks to introduce this evidence. Until the Court receives additional information as to the purpose for admission of this evidence it may not be introduced, and the Court's ruling on this issue is RESERVED.

### I. Exclusion of Plaintiff's Exhibit No. 6

Defendants seek to exclude Exhibit 6, a Board of Parole Hearings denial, as irrelevant, and likely to confuse the jury and waste time. Fed. R. Evid. 401-403. Defendants argue the Board of Parole Hearing summary of proceedings, dated August 12, 2021, bears no relevance to

1 the claims and defenses in this action and can only be used to garner unwarranted sympathy for
2 the Plaintiff which will prejudice the Defendants.  Fed. R. Evid. 403.  Absent an offer of proof,
3 this exhibit should be excluded in its entirety.  In addition, the Court should prohibit testimony
4 concerning Plaintiff's parole hearings or eligibility.

**Ruling:**  Defendants' motion in limine is granted.  This action is proceeding against Defendants Castro-Mendoza and Reguero for death threats, failure to protect, and equal protection violations, and the Court's finds no relevance of the Board of Parole Hearings proceedings, dated August 12, 2021.  Accordingly, without an offer of proof by Plaintiff, Defendants' motion to exclude this evidence is granted.

### J.     Exclusion of Plaintiff's Exhibit No. 7

Defendants seek to exclude Exhibit 7, CDCR form 837-C Crime/Incident Report dated February 2, 2019, as irrelevant, and likely to confuse the jury and waste time since it concerns a separate incident.  Fed. R. Evid. 401-403.  Defendants also submit that the exhibit contains inadmissible hearsay insofar as it contains out of court statements concerning a prior incident, and Plaintiff's handwritten statement opining on this prior incident.  Fed. R. Evid. 801(d), 802.

**Ruling:**  Defendants' motion in limine is granted.  Although it is unclear why Plaintiff seek to introduce the CDCR form 837-C Crime/Incident Report dated February 2, 2019, it is not relevant to Plaintiff's current claims as it concerns a prior instance of indecent exposure and contains inadmissible hearsay.

### K.     Exclusion of Plaintiff's Exhibit No. 12

Defendants seek to exclude Exhibit 12, a CDCR form 601 Inmate/Parolee Appeal, on the grounds that it contains out of court statements by Plaintiff offered to prove his allegations.  Fed. R. Evid. 801(d), 802.  The responses to this appeal by prison officials and attachments to the appeal also constitute inadmissible hearsay.  Id.

**Ruling:** Defendants' motion in limine is granted, and Plaintiff's Exhibit 12 is excluded as evidence.  Defendants correctly note that appeal log number COR-19-05133 (Exhibit 12) may be used at trial to refresh a witness' recollection or to provide a prior inconsistent statement under Federal Rules of Evidence 601 and 613, Plaintiff has failed to provide any exception to the

hearsay rule and this exhibit shall be excluded as evidence. The Court reserves ruling on whether this exhibit may be admitted for other purposes. The parties are advised that prior to its admission, the party seeking to impeach with such evidence must raise the issue outside the presence of the jury and must conduct a proper impeachment examination.

**L.     Exclusion of Exhibit No. 13 and Limitation of Testimony by Lamatilda Daniels**

Defendants seek to exclude the declaration of Lamatilda Daniels on the grounds that it contains out of court statements presumably offered to prove the truth of Plaintiff's allegations. Fed. R. Evid. 801(d), 802. The declaration recounts purported telephone conversations with Plaintiff concerning his allegations, and actions purportedly taken by Ms. Daniels. Plaintiff's statements to Ms. Daniels, and Ms. Daniels' written account of actions she took, constitute inadmissible hearing in the absence of a foundation laying a valid exception to the rule against hearsay. Fed. R. Evid. 801-807. Absent a valid hearsay exception, Ms. Daniels lacks personal knowledge to testify about the facts of the alleged incidents herself since she was not present when these incidents occurred. Fed. R. Evid. 602.

**Ruling:** Defendants' motion in limine is granted, in part. Plaintiff has not offered a valid hearsay exception, and the declaration, itself, by Ms. Daniels shall be excluded as hearsay. However, the Court reserves ruling on the admissibility of any testimony by witness Lamatilda Daniels. If Lamatilda Daniels testifies at trial, Plaintiff is free to question her about the contents of the declaration or refresh her memory with the document, if necessary. Fed. R. Evid. 612.

**M.     Exclusion of Exhibit No. 14**

Defendants seek to exclude Exhibit 14, a mental health form concerning Plaintiff, because it constitutes and contains inadmissible hearsay. Fed. R. Evid. 801(d), 802. Additionally, because Dr. Kroenlein is not endorsed as a witness at trial, the authenticity of the document cannot be established. The handwritten notations in the margins of this document are presumably Plaintiff's statements which are inadmissible because a party cannot introduce his or her own out of court statements. Fed. R. Evid. 801(d)(2)(A), 801 (c).

///

**Ruling:** Defendants' motion in limine is granted. The mental health form by Dr. Kroenlein is inadmissible hearsay and absent testimony by Dr. Kroenlein lacks authentication- who is not endorsed to testify.

### N.   Exclusion of Exhibit No. 15

Defendants seek to exclude Exhibit 15, CDCR classification documents, as inadmissible hearsay. Fed. R. Evid. 801(d), 802. Additionally, because the apparent author of this document, M. Oliveira, is not endorsed as a witness at trial, the authenticity of the document cannot be established. Fed. R. Evid. 901. Further, the document and its contents are irrelevant to the claims and defenses in this action, and are likely to confuse the issue and waste time. Fed. R. Evid. 401-403. The Classification Committee Chrono is dated September 17, 2019, which is approximately 2 months after the events at issue in this case.

**Ruling:** Defendants' motion in limine is granted. The CDCR classification documents are inadmissible hearsay evidence and lack authentication as M. Oliveira is not endorsed to testify. In addition, there is no showing that the classification chrono is relevant.

### O.   Exclusion of Exhibit No. 16

Defendants seek to exclude the declarations and letters from Plaintiff's counsel on several grounds.

First, Plaintiff's declaration contains his own out of court statements and constitutes inadmissible hearsay not subject to any applicable exception. Fed. R. Evid. 801(d)(2)(A), 801(c). Defendants, however, seek to reserve the right to impeach Plaintiff's testimony with the statements contained in this exhibit, if appropriate. Fed. R. Evid. 607, 613.

Second, the declaration of Melvin R. Arrant also constitutes inadmissible hearsay. Fed. R. Evid. 801(d), 802. In addition, the declaration cannot be authenticated, as Mr. Arrant is not endorsed as a witness for trial, nor permitted to testify by the pretrial order (ECF No. 77). Fed. R. Evid. 901.

Third, inmate Phillip Edwards is endorsed as witness in this action (ECF No. 77); however, Edwards' declaration is inadmissible as evidence unless and until proper foundation is established.

1    Fourth, the author of the May 21, 2021, letter from Rosen Bien Galvan & Grunfeld,
2 paralegal Catherin Johnson, also is not endorsed as a witness in this action.  In addition, there is
3 no indication that she has sufficient personal knowledge of the events of July 26-27, 2019, which
4 are the subject of this case, aside from her discussion with Plaintiff.  Fed. R. Evid. 601, 602.
5 Further, her statements regarding a separate cell extraction at the California Medical Facility
6 (CMF) and alleged staff misconduct at other prisons are not relevant to the issues in this case and
7 will lead to juror confusion, wasting time, and undue prejudice to Defendants.  Fed. R. Evid.
8 401-403.

9    **Ruling:** Defendants' motion in limine is granted.  Both Plaintiff and Mr. Arrant's
10 declarations constitute inadmissible hearsay.  Inmate Phillip Edwards declaration is inadmissible
11 as evidence unless and until proper foundation is established.  The letter by Catherine Johnson is
12 inadmissible and excludable because it is not relevant to the issue in this case and will lead to
13 juror confusion, waste of time, and undue prejudice to Defendants.

14    **P.    Exclusion of Exhibits Nos. 17-20**

15    Defendants seek to exclude Exhibits 17-20 because they are irrelevant to the claims and
16 defenses in this action, and are likely to confuse the issues and waste time.  Fed. R. Evid. 401-
17 403.  The blank "Discrimination Complaint" form and pamphlet detailing counseling resources
18 for state employees bear no relevant to the issues to be tried in this case.  In addition, the <u>Farmer
19 v. Brennan</u> decision, cannot be admitted as an exhibit, nor with Plaintiff's handwritten notations.
20 Finally, the handwritten exhibit containing purported definitions of the terms "exposure" or
21 "exposed" are inadmissible.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Ruling:** Defendants' motion in limine is granted. Exhibits 17 through 20 are inadmissible because they are not relevant to the issues in this case. Plaintiff is advised that the Court will provide the jury with instructions regarding the relevant law and applicable legal principles.

IT IS SO ORDERED.

Dated: **March 8, 2023**

UNITED STATES MAGISTRATE JUDGE