# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III<br><br>Plaintiff,<br><br>v.<br><br>CASTRO, et al.,<br><br>Defendants. | Case No. 1:20-cv-01617-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF IMPARTIAL EXPERT WITNESS<br><br>(ECF No. 78) |

Plaintiff Robert Curtis Williams, III is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

As part of his untimely pretrial statement and on the morning of jury trial, Plaintiff seeks the appointment of an impartial expert witness to testify at trial as to his mental health diagnosis. (ECF No. 78.) However, Plaintiff's request is both untimely and not justified.

First, Plaintiff's request, brought by way of pretrial statement, is untimely. Indeed, Plaintiff's pretrial statement was initially due December 30, 2022, and was not filed until February 21, 2023. (ECF Nos. 49, 78.)

Second, Federal Rule of Evidence 706 allows a court to appoint an expert witness on the motion of a party. Fed. R. Evid. 706(a). Generally, it is appropriate to appoint an expert witness when it will assist the trier of fact to decide a fact at issue or understand evidence that is scientific, technical, or requires specialized knowledge. Arellano Jr. v. Hodge, 2017 WL

2692875, at *1 (S.D. Cal. Jun. 22, 2017) (citations and quotations omitted). "Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Id. (citing Gorton v. Todd, 793 F.Supp.2d 1171, 1181 (E.D. Cal. 2011)). "[E]pert witnesses should not be appointed to serve as an advocate for a party." Id. (citations omitted). Finally, "Rule 706 is not a means to avoid the *in forma pauperis* statute, 28 U.S.C. § 1915, and its prohibition against using public funds to pay the expenses of witnesses in a § 1983 prisoner rights action." Id. (citing Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993)). Plaintiff fails to establish that a neutral expert is be required to assist the trier of fact in this matter as he seeks appointment on expert for his own benefit. Plaintiff has failed to demonstrate and the Court does not find this action is so complex that requires appointment of a neutral expert to assist the trier of fact. Plaintiff does not explain how his failure to protect and equal protection claims are factually or legally complex. Accordingly, Plaintiff's motion for appointment of an impartial expert witness is denied.

IT IS SO ORDERED.

Dated:   **March 14, 2023**

UNITED STATES MAGISTRATE JUDGE